IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SHELDON NATHAN                                                                          PLAINTIFF

v.                                                                 CIVIL ACTION NO. 5:14-cv-119-MTP

CORRECTIONS CORPORATION OF AMERICA                                      DEFENDANT

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Relief from Judgment [62]. Having considered the Motion, the Court finds that it should be denied.

On January 15, 2014, Plaintiff Sheldon Nathan, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's complaint occurred while he was a post-conviction inmate at Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. In his complaint and as clarified in his testimony at the *Spears* hearing,[1] Plaintiff asserted claims against Defendant Corrections Corporation of America ("CCA") relating to an attack by a fellow inmate.

On December 22, 2015, Defendant filed a Motion for Summary Judgment [28]. Plaintiff did not respond to the Motion. On April 27, 2016, the Court granted Defendant's Motion for Summary Judgment and entered a final judgment, dismissing this action with prejudice. *See* Opinion and Order [32]; Final Judgment [33]. On May 13, 2016, Plaintiff filed a Motion for Relief from Judgment [34], arguing that the Court should reconsider its ruling because he did not receive a copy of the Motion for Summary Judgment. The Court granted Plaintiff's Motion and set aside the Opinion and Order [32] and Final Judgment [33]. *See* Order [36]. Plaintiff was provided a copy of the Motion for Summary Judgment and the memorandum brief in support,

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

and the Court directed Plaintiff to file a response. Plaintiff filed two responses, one on August 31, 2016, and the other on September 6, 2016. *See* Responses [48] [49].

On September 21, 2016, after considering Plaintiff's responses, the Court granted Defendant's Motion for Summary Judgment and entered a final judgment, dismissing this action with prejudice. *See* Opinion and Order [51]; Final Judgment [52]. On November 23, 2016, Plaintiff filed the instant Motion for Relief from Judgment [62], arguing that the Court should set aside its judgment because Plaintiff was not given an opportunity to conduct discovery or support his claims with evidence.

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff has failed to show that any of the aforementioned grounds for relief from judgment exist. The record demonstrates that Plaintiff's argument that he was not given an opportunity to conduct discovery or support his claims is wholly without merit. On May 21, 2015, the Court set an omnibus hearing in this case and ordered the parties to be prepared to discuss and identify any and all discovery requests or issues at the hearing. *See* Order [14]. At the omnibus hearing held on July 28, 2015, the Court considered discovery issues and ordered

2

the parties to produce documents and information. *See* Omnibus Order [19]. The Court also explained as follows:

> There are no other discovery issues pending at this time. The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rule of Civil Procedure 26(b)(1). The Parties shall not propound additional discovery requests unless leave of court is requested and obtained.

*Id*.

Thereafter, Plaintiff did not seek leave of court to propound additional discovery.[2] In response to Defendant's Motion for Summary Judgment, Plaintiff submitted several documents, including incident reports, letters, and MDOC policies and procedures, all of which the Court considered prior to granting summary judgment in this action. Plaintiff did not file a Rule 56(d)[3] motion requesting the Court allow him to conduct further discovery. *See Fanning v. Metro. Transit. Auth. of Harris County, Tex.*, 141 Fed. App'x. 311 (5th Cir. 2005) ("A Rule [56(d)] motion, not one for reconsideration, is the proper remedy for a party claiming summary judgment is inappropriate because of inadequate discovery."); *Bernhardt v. Richardson-Merrell, Inc.*, 892 F.2d 440, 444 (5th Cir. 1990) (holding that Rule 56(f) "would be useless, and the summary judgment procedure uncontrolled, if a court could not enforce some limits on the timely submission of appropriate evidence").[4] Moreover, Plaintiff has not established that

---

[2] On November 17, 2015, Plaintiff filed a Motion to Compel [25], asserting that he served requests for production of documents on Defendant and requesting an order compelling Defendant's responses. In denying the Motion to Compel [25], the Court held that (1) Plaintiff was not granted leave to submit any discovery requests, (2) Plaintiff presented no good cause for additional discovery, and (3) additional discovery was not warranted based on the record. *See* Order [27].

[3] Formerly Rule 56(f).

[4] After the Court set aside its initial Final Judgment [33], the Court directed Plaintiff to file his response to the Motion for Summary Judgment on or before June 24, 2016. Thereafter, Plaintiff

further discovery would be likely to produce any facts that would establish a genuine issue of material fact as to any of his claims. *See Aguirre v. Nueces County, Tex.*, 217 Fed. App'x. 348, 349-50 (5th Cir. 2007).

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Relief from Judgment [62] is DENIED.

SO ORDERED this the 21st day of December, 2016.

                                                    s/Michael T. Parker
                                                    UNITED STATES MAGISTRATE JUDGE

---

filed three separate motions requesting additional time to file his response, and the Court granted all three motions. *See* Motions [37] [40] [44]; Orders [39] [43] [47].  Plaintiff did not request leave of court to conduct additional discovery in any of these motions.

4